Territorial Law Library



FILED
SUPERIOR COURT
OF GUAM

2012 AUG 13 AM 10: 37

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | CRIMINAL CASE NO. CF459-10 |
| vs. | |
| STANLEY SONY | DECISION AND ORDER ON DEFENDANT'S SECOND AMENDED MOTION TO DISMISS INDICTMENT |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III, on November 30, 2011 on Defendant Sony's Motion to Dismiss. Attorney Maria G. Fitzpatrick represented Defendant, Stanley Sony. Assistant Attorney General Nicolas B. Barrett appeared on behalf of the People of Guam. The People failed to file an opposition to the defendant's motion despite the fact that this Court previously granted the People an extension to file their arguments. Notwithstanding the People's failure to oppose the motion, this Court has a duty to render a decision only after analyzing the merits of the motion. Petition of Quitugua v. Flores, 2004 Guam 19 ¶ 28. Having given due consideration to the defendant's arguments and the applicable law, the Court now issues its Decision and Order.

## FACTUAL BACKGROUND

In August, 2010, a grand jury returned an indictment charging defendant with three counts of Aggravated Assault (As a 3rd Degree Felony). Each charge included a Special Allegation of Possession and Use of a Deadly Weapon in the Commission of a Felony. These charges stemmed from an incident in which Defendant allegedly attacked a security guard ("victim") by punching the victim, then stabbing the victim in the rib area and arm with a ball point pen, and finally striking the victim on the wrist with a rock. Nothing in the record indicates that the actual injuries sustained by the victim were serious or required medical attention.

The original indictment contained allegations that Defendant recklessly caused serious bodily injury to the victim. Following the return of the indictment, Defendant filed a motion to

dismiss in which he asserted a number of flaws in the grand jury proceedings, including that the prosecution failed to present any evidence that the victim had sustained serious bodily injury. Defendant then filed an Amended Motion to Dismiss. Before a hearing could be held on Defendant's amended motion, the prosecution filed a superseding indictment charging the defendant with merely attempting to cause bodily injury rather than actually causing serious bodily injury as alleged in the original indictment. On September 20, 2011, before a hearing was held on the amended motion, the defendant filed a Second Amended Motion to Dismiss. Though the People opposed in writing Defendant's Amended Motion to Dismiss, the People failed to oppose the Second Amended Motion and at the hearing on November 30, 2011 this Court took the matter under advisement.

## DISCUSSION

In his motion Defendant raises four arguments, each of which he contends constitutes grounds for dismissal of the indictment with prejudice. First, Defendant asserts that the prosecution failed to present any evidence to the grand jury that a pen is a deadly weapon and he therefore argues the evidence cannot support the charges. Second, Defendant contends that the people failed to provide any evidence of serious bodily injury to support the allegation of aggravated assault. Third, he argues that the indictment must be dismissed because the witness testimony was not competent. Finally, Defendant asserts that dismissal is appropriate because the prosecution failed to present exculpatory evidence to the grand jury.

### I.    A Pen May Qualify as a Deadly Weapon Under Certain Circumstances

Defendant first argues that the first and second counts of the indictment – both grounded upon on the allegation that the defendant used a deadly weapon, namely a ball point pen, to cause and attempt to cause bodily injury to another – must be dismissed because a pen is not a deadly weapon. Defendant cites two Florida cases and a Washington case in which the respective appellate courts held that various items, none of which are inherently dangerous, do not constitute deadly weapons. See e.g., State v. Florida, 249 So.2d 452, 455 (Fla. App. 1971) (holding that a shoe is not deadly weapon absent proof to the contrary); State v. Skenandore, 994 P.2d 291, 293-95 (spear made of rolled paper and golf pencil was not a deadly weapon where

wielding prisoner had no room to maneuver the weapon and was only able to inflict minor damage); Rogan v. State, 203 So. 2d 24, 25-26 (Fla. App. 1967) (flower pot thrown at victim was not a deadly weapon). However, the holdings in each of those cases were dependent on very specific facts of each case and the particular manner in which the defendant used the object. The facts of the present case are distinguishable from those cited by Defendant.

Although Defendant is correct that in many instances a pen may not be characterized as a deadly weapon, this Court recognizes that under certain circumstances a pen may, in fact, qualify as a deadly weapon. See, e.g., In re Smith, 142 Ohio App. 2d 16, 24 (ball point pen may be a deadly weapon if wielded with sufficient force and intent). Title 9, section 16.10(d) of the Guam Code defines the term "deadly weapon" to mean "any firearm or other weapon device instrument, material or substance whether animate or inanimate which in the manner it is used or is intended to be used is known to the defendant to be capable of producing death or serious bodily injury." A determination of whether an item constitutes a deadly weapon is generally a question of fact for the jury, United States v. Riggins, 40 F.3d 1055, 1057 (9th Cir. 1994) (citing United States v. Moore, 846 F.2d 1163, 1166 (8th Cir.1988), though in some instances a court may find the evidence insufficient as a matter of law to support a finding that the item constitutes a deadly weapon. United States v. Rocha, 598 F.3d 1144, 1153 (9th Cir. 2010) (citations omitted).

In the present case Defendant essentially requests that this Court find as a matter of law that there was insufficient evidence presented to the grand jury to establish that the pen used by Defendant qualifies as a deadly weapon. Defendant has not met his burden of proving that the evidence did not support the grand jury's finding. Although Defendant provided this Court with a copy of the transcript of the first grand jury proceedings, he did not provide a transcript of the second grand jury proceedings. This Court cannot simply rely on Defendant's assertions that no evidence was presented in support of the superseding indictment. See United States v. Leverage Funding Sys., Inc., 637 F.2d 645, 649 (9th Cir. 1980) (absent proof to the contrary, the court must presume that evidence was sufficient to support the indictment).

Even so, this Court does acknowledge the prosecution's statement that the evidence presented to the second grand jury consisted mainly of a recording of the proceedings before the first grand jury. A review of the evidence presented at the original proceeding supports the charges within superseding indictment relating to the use of a pen as a deadly weapon. Testimony before the original grand jury clearly indicated that Defendant used the pen in a stabbing manner to attack the victim and to cause injury to the victim's rib area and one of the victim's arms. (Motion to Dismiss Indictment Insufficient Evidence/Failure to Present Evidence, June 3, 2011, Exh. 1, Reporter's Transcript of Proceedings, p. 8). Defendant offers no argument that contrary evidence was produced at the later proceedings. Although the alleged attack did not result serious bodily injury, there was sufficient evidence at the original proceedings to support finding by the grand jury that Defendant used the pen in manner capable of producing serious bodily injury and that the pen was a deadly weapon and this Court declines Defendant's invitation to rule as a matter of law that a pen is not a weapon.

## II. The Prosecution Was Not Required to Present Evidence of Serious Bodily Injury

In his second argument, Defendant contends that the prosecution failed to present any evidence that the victim suffered serious bodily injury. This argument also appeared in Defendant's initial motion to dismiss, which was filed before the prosecution issued the superseding indictment in this matter. The original indictment charged Defendant with Aggravated Assault for recklessly causing serious bodily injury to the victim. However, the superseding indictment includes only the allegation that Defendant recklessly caused or attempted to cause bodily injury. The superseding indictment thus removes the allegation that Defendant caused serious bodily injury. Therefore, the prosecution was nto required to present evidence of serious bodily injury to the grand jury in order to support the charges. Defendant's motion here fails to address the amended language within the superseding indictment and his argument relating to a lack of evidence establishing serious bodily injury is therefore moot.

## III. The Grand Jury Received Competent Evidence

Under title 8, section 50.42 of the Guam Code the prosecution must present competent evidence to the grand jury. Section 50.42 provides:

[t]he grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury.

Defendant argues that Investigator Blas, the sole witness to testify before the grand jury, lacked personal knowledge of the events forming the basis of his testimony and thus his testimony does not constitute competent evidence sufficient to support the charges. In support of his argument, Defendant cites Rule 602 of the Guam Rules of Evidence[1], which provides:

**602. Lack of Personal Knowledge**

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself. . . .

In attempting to argue that Rule 602 renders certain testimony at proceedings before a grand jury incompetent, the defendant fails to acknowledge Evidence Rule 1101 governing the applicability and scope of the rules of evidence. That rule states:

(c) Rules inapplicable. The Rules (other than with respect to privileges) do not

apply in the following situations:

. . .

(2) Grand jury. Proceedings held before grand juries.

ER 1101(c)(2). Defendant thus basis his legal argument on an evidentiary rule that explicitly does not apply to the grand jury proceedings at issue here. Indeed, the United States Supreme Court has recognized that "In grand jury proceedings, the ordinary rules of evidence do not apply. Leading questions and multiple hearsay are permitted and common." McKethan v. United

---

[1] Defendant actually cites title 6, section 602 of the Guam Code in support of his argument. However, this Court notes that title 6 of the Guam Code was superseded in 2006 by Supreme Court of Guam Promulgation Order No. 06-001 in which the Court adopted the Guam Rules of Evidence. Because Rule 602 of the Guam Rules of Evidence contains identical language to title 6, section 602, this Court's analysis here is unaffected by Defendant's failure to cite the current rule.

States, 439 U.S. 936, 938, 99 S.Ct. 333, 335 (1978). Defendant offers no other legal authority for the proposition that a witness lacking personal knowledge of certain facts is not competent to testify before a grand jury, nor could this Court find any such precedent. Given the loose evidentiary standards that attach to grand jury proceedings, this Court finds that hearsay testimony relating to a police report that has been examined by the testifying witness constitutes sufficient competent evidence. This finding comports with this Court's recent ruling in People v. Reselap, Criminal Case No. CF536-08, *Decision and Order on Motion to Dismiss* (August 31, 2011), in which this court was presented with nearly identical facts and arguments by defense counsel.

### IV.    The Prosecution Did Not Fail to Present Exculpatory Evidence

Finally, Defendant argues that the prosecution should have presented to the grand jury photographs in its possession that depict what appear to be relatively minor injuries inflicted upon the victim. Defendant, who appears to have based his contentions on the language of the original indictment, argues that because his charges contain allegations that he inflicted serious bodily injury, the photographs constitute exculpatory evidence that the prosecution was required to present to the grand jury. As discussed above, the superseding indictment removed the allegations that Defendant caused or attempted to cause serious bodily injury and thus Defendant's arguments here are inapplicable.

### CONCLUSION

Based on the foregoing, Defendant's Second Amended Motion to Dismiss the Indictment is hereby DENIED. A trial setting will be held on April 11, 2012, at 3:00 p.m.

It is **SO ORDERED**, this 13th day of March, 2012.

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

MAR 13 2012

**Domingo M. Nego**
Deputy Clerk, Superior Court of Guam

-6-